# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **NORTHEAST OHIO NEIGHBORHOOD HEALTH SERVICES, INC.** 4800 Payne Avenue Cleveland, Ohio 44103, | ) ) ) ) ) ) | CASE NO: JUDGE: |
| and | ) ) | |
| **COMMUNITY INTEGRATED SERVICES, INC.** 4208 Prospect Avenue Cleveland, Ohio 44103 | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) ) | **COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT** |
| v. | ) ) ) | **JURY DEMAND ENDORSED HEREIN** |
| **TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA** 1 Tower Square Hartford, Connecticut 06183 | ) ) ) ) ) ) | |
| Defendant. | ) | |

Plaintiffs Northeast Ohio Neighborhood Health Services, Inc. ("NEON") and Community Integrated Services, Inc., (hereinafter, "CIS" and collectively together with NEON, "Plaintiffs"), by and through counsel and for their Complaint against Defendant Travelers Casualty and Surety Company of America ("Defendant") hereby allege as follows:

**PRELIMINARY STATEMENT**

1.  This case arises from Defendant's failure to defend and indemnify Plaintiffs against liability resulting from the receipt of federal grand jury subpoenas. The subpoenas

1

required Plaintiffs to engage counsel and incur significant expenses arising from the production of a significant amount of documents and attendance at government interviews. Plaintiffs, who obtained insurance to protect against the financial burdens imposed by such actions, timely notified Defendant of their claim. In response, and in violation of its contractual obligations, Defendant denied the claim and, to date, has refused to accept its coverage obligations.

## PARTIES

2. NEON is a not-for-profit Ohio corporation with its headquarters located at 4800 Payne Ave., Cleveland, Ohio 44103.

3. CIS is a wholly owned subsidiary of NEON, a for-profit Ohio corporation with its headquarters located at 4800 Payne Ave., Cleveland, Ohio 44103.

4. Upon information and belief, at all times relevant hereto, Defendant is a Connecticut for-profit insurance corporation licensed to conduct business in Ohio and insure persons, property, or risk located in Ohio, with its headquarters located at 1 Tower Square, Hartford, Connecticut 06183.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a), because there is complete diversity of citizenship between the plaintiffs and defendants and because the amount in controversy exceeds $75,000 exclusive of interest and costs.

6. This Court has personal jurisdiction over Defendant under Fed. R. Civ. P. 4 because Defendant conducts substantial business within the State of Ohio, is licensed to conduct the business of insurance in Ohio and contracted to insure a person, property or risk located in Ohio, namely, plaintiffs.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial number of the events or omissions giving rise to the claims asserted herein occurred in Cleveland, Ohio, which is within this Court's jurisdiction.

## GENERAL ALLEGATIONS

### *The Insurance Policy*

8. Defendant issued NEON an insurance policy (hereinafter, the "Policy"), effective from February 24, 2018 through February 24, 2019 (the "Policy"). Defendants already have a copy of the Policy and, therefore, it is not attached hereto but can be made available upon request. The Policy included a maximum of $2,000,000 in coverage.

9. The Policy requires, in part, Defendant to pay on behalf of "the **Insured Organization Loss** for **Wrongful Acts**…resulting from any **Claim** first made during the Policy Period…." Policy at Sec. I, Insuring Agreements.

10. Loss is defined, in relevant part, to include "**Defense Expenses** and money which an **Insured** is legally obligated to pay as a result of a **Claim**." Policy at Sec. II, Definitions at (R).

11. "Insured" is defined, in part, to mean "**Insured Organization**." Policy at Sec. II, Definitions at (N).

12. "Insured Organization" is defined in the Policy as "the **Named Insured** and any **Subsidiary**." Policy at Sec. II, Definitions at (O).

13. "Wrongful Acts" is defined, in relevant part, as "any actual or *alleged* act, error, omission, misstatement, misleading statement or breach of duty or neglect by, *or* any matter asserted against the **Insured Organization**." Policy at Sec. II, Definitions at (Y) (emphasis in italics added).

14. Claim is defined, in relevant part, as a "written demand for monetary or non-monetary relief" and as "a formal administrative or regulatory proceeding, commenced by the filing of charges, formal investigative order, services of summons or similar document….against an **Insured** for a **Wrongful Act**." Policy at Sec. II, Definitions at B(1); (4).

15. Policy Period is defined as the period from the Inception Date, February 24, 2018 to the Expiration Date, February 24, 2019, as set forth in ITEM 2 of the Declarations. Policy at 5.

### *The Underlying Claim*

16. On January 18, 2019, NEON and CIS individually received grand jury subpoenas requiring each entity to review their respective records and produce responsive documents ("the Underlying Claim").

17. Shortly after receiving the subpoenas, Plaintiffs retained counsel to represent Plaintiffs in the matter and assist with their response.

18. Responding to the subpoenas included, among other things, counsel reviewing and producing documents to the government and the government interviewing several former and current employees with the assistance of retained counsel, all requiring Plaintiffs to incur substantial defense costs. These costs remain ongoing.

### *Claim for Coverage*

19. Through defense counsel, Plaintiffs tendered the Underlying Claim to Defendant seeking defense and indemnity coverage under the Policy's terms.

20. On April 1, 2019, Defendant denied coverage contending that no "Wrongful Act" had been alleged and, as a result, no "Claim" had been made.

21. Through counsel, Plaintiffs subsequently asked Defendant several times to reconsider its denial of coverage pursuant to the Policy's plain language definitions.

22. Despite Plaintiffs' requests, Defendant has continued to refuse to defend or indemnify Plaintiffs for the Underlying Claim.

23. Plaintiffs have incurred attorneys' fees and expenses, and anticipate they will continue to incur attorneys' fees and expenses, in connection with the Underlying Claim for which Defendant has defense and indemnity obligations.

## COUNT ONE
### *Breach of Contract*

24. Plaintiffs incorporate the statements and averments contained in the above paragraphs as if rewritten here.

25. The Policy has been in full force and effect during the relevant period.

26. All premiums due and owing under the Policy have been paid.

27. Plaintiffs have complied with all applicable conditions or other requirements of the Policy, including requirements for notice, claim reporting, and cooperation.

28. Under the terms of the Policy, Defendant has a duty to reimburse Plaintiffs for all Loss, including defense expenses and money paid arising from the Underlying Claim.

29. Defendant has breached is contractual obligation by refusing to reimburse Plaintiffs as required by the Policy.

30. As a direct and proximate result of Defendant's breach of contract, Plaintiffs have been damaged, and likewise will continue being damaged by incurring substantial legal fees and other defense costs, for which Defendant has defense and indemnity obligations, in an amount in excess of $75,000, the exact amount of which is currently uncertain but shall be established at trial.

## COUNT TWO
### *Declaratory Judgment*

31. Plaintiffs incorporate the statements and averments contained in the above paragraphs as if rewritten here.

32. An actual case or controversy exists as to an insurance policy issued to a policyholder in this judicial district, sufficient to permit a declaratory judgment under 28 U.S.C. § 2201.

33. Under the terms of the policy, Defendant is obligated to reimburse Plaintiffs all Loss, including attorneys' fees, costs, and expenses, without reservation or under claim of reimbursement, incurred in the Underlying Claim.

34. Defendant has failed or refused to recognize or honor its contractual obligations to Plaintiffs on the terms set forth in the policy.

35. An actual and justiciable controversy exists between Plaintiffs and Defendant with respect to Defendant's obligations under the Policy relating to the Underlying Claim.

36. The issuance of declaratory relief by this Court will resolve the existing controversy between Plaintiffs and Defendant as to the meaning and terms of the Policy.

37. Plaintiffs are entitled to a declaration by this Court of its rights and Defendant's obligations under the Policy relating to the losses described herein.

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant as follows:

(a) Damages against Defendant in excess of seventy-five thousand dollars ($75,000.00);

(b) Declaration that Defendant, under the terms of the policy, is obligated to reimburse Plaintiffs for all past, present and future Loss, including defense fees and other loss resulting from the Underlying Claim, without reservation or under claim of reimbursement;

(d) Prejudgment interest, costs, and attorneys' fees in amounts to be proven at trial; and

(e) All other relief as this Court may deem just, proper, equitable, and appropriate in Plaintiffs' favor.

Respectfully submitted,

*/s/ Jodi Spencer Johnson*
Jodi D. Spencer-Johnson (0074139)
Brouse McDowell LPA
600 Superior Ave. E, Ste. 1600
Cleveland, OH 44114
Tel. (216) 830-6809
Fax (216) 830-6807
jjohnson@brouse.com

P. Wesley Lambert (0076961)
Christopher T. Teodosio (0089316)
Brouse McDowell LPA
388 S. Main St., Ste. 500
Akron, OH 44311
Tel. (330) 535-5711
Fax (330) 253-8601
plambert@brouse.com
cteodosio@brouse.com

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiffs demand a trial by jury on all issues triable by a jury.

*/s/ Jodi Spencer Johnson*
Jodi Spencer Johnson (0074139)

INSTRUCTIONS FOR SERVICE

To the Clerk:

Please serve a summons and a copy of the complaint on the Defendants by certified U.S. mail, return receipt requested, at the addresses in the caption.

<i>/s/ Jodi Spencer Johnson</i><br>
Jodi Spencer Johnson (0074139)<br>
Brouse McDowell LPA

[1053514.2]